# In the United States Court of Federal Claims

No. 24-1989

(Filed: July 15, 2025)

(NOT FOR PUBLICATION)

* * * * * * * * * * * * * * * * * * * * * * * *

AAECON GENERAL CONTRACTING, LLC,

    *Plaintiff*,

UNITED CASUALTY AND SURETY INSURANCE COMPANY,

    *Plaintiff-Intervenor*,

v.

THE UNITED STATES,

    *Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Pending in this case is defendant's motion to dismiss the complaint in intervention filed by United Casualty and Surety Insurance Company ("United"). The matter is fully briefed, and the court held telephonic oral argument on July 15, 2025. Because United has not shown that it has a claim for money damages against defendant, we lack jurisdiction over its claims and must dismiss its complaint without prejudice.

In brief, this case concerns an alleged breach of contract arising from renovation work at the Fort Donelson National Battlefield in Dover, Tennessee. Compl. ¶ 1. Plaintiff—AAECON General Contracting, LLC ("AAECON")—contracted with the National Park Service ("NPS") to renovate the visitor center at Fort Donelson. *See id.* AAECON alleges that NPS mismanaged the contract and caused AAECON to waste time and labor,

which impeded AAECON's ability to complete the contract in a timely manner. *Id.* ¶ 3–4. Blaming AAECON for the delay, NPS terminated the contract for default. *Id.* ¶ 5. AAECON sued here. It seeks damages and a conversion of the termination for default into one for convenience. *Id.* ¶ 6.

AAECON's surety—United—intervened in this action. In connection with AAECON contracting with NPS, United issued a performance bond which lists defendant as the owner and AAECON as the principal. Compl. in Intervention ¶ 5. Concurrently, United executed a general indemnity agreement with AAECON, which obligated AAECON to indemnify United against "any and all claims" relating to the surety bond. *Id.* ¶ 6. That bond became relevant once NPS terminated AAECON's contract for default. NPS made a claim on the bond and asked United to take over performance of the renovation contract. *Id.* ¶ 94. United investigated NPS's claim, determined that NPS acted wrongfully, and denied the claim. *Id.* ¶¶ 95–102.

United now seeks declaratory and monetary relief here. In Count I of its complaint, United asks that we declare, among other things, that NPS, not AAECON, breached the contract and that AAECON was not in default. *Id.* ¶ 110. United supports that claim by pointing out that the adjudication of issues in this case may have a preclusive effect on United's ability to present claims or defenses in future cases. *Id.* ¶¶ 108–09. United also seeks, under Count II, reimbursement for its damages (incurred by its issuing the bond) via "subrogation of any funds" paid by defendant to AAECON. *Id.* ¶ 117.

Defendant moves to dismiss. Defendant argues that United lacks contractual privity with defendant and that United cannot establish the elements of equitable subrogation. Equitable subrogation allows a surety, like United, to sue in place of the contractor. *See Fid. & Deposit Co. of Md. v. United States*, 14 Cl. Ct. 421, 422 (1988). Yet, as defendant notes, for equitable subrogation to apply, the surety must establish that it has either entered into a takeover agreement with defendant or financed the completion of the contract. *Id.* Because United has done neither, defendant concludes, United is not in privity with defendant and thus cannot sue on the renovation contract. And given that United has no contractual basis for a monetary claim, defendant reasons that we must also dismiss its request for declaratory relief since this court cannot grant such relief without some connection to a monetary claim.

2

United responds that it can sue under the doctrine of equitable subrogation. It claims that defendant exercised its rights under the bond by terminating AAECON and advancing a claim on the bond. United, in turn, investigated defendant's claim, which required "substantial expenses" that are "directly caused" by defendant's conduct. Opp'n to Def.'s Mot. to Dismiss at 2. As a result, United stands in AAECON's position and can assert AAECON's claims against defendant.

We agree with defendant. To sue here, the Tucker Act mandates that United must either have a contract with defendant or piggyback on AAECON's claim via equitable subrogation. *See Fid. & Deposit Co. of Md. v. United States*, 31 Fed. Cl. 540, 542 (1994). United does not allege a separate contract with defendant, so it relies on subrogation. But subrogation requires that United must have either entered into a takeover agreement with defendant or financed the contract's completion. *Fid. & Deposit*, 14 Cl. Ct. at 422. United has done neither. And United's argument that defendant's claim on the bond establishes subrogation likewise fails because "a formal demand for [bond] payment by the contracting officer is [not] enough to establish Tucker Act jurisdiction." *Fid. & Deposit*, 31 Fed. Cl. at 543. What is more, because United is not in privity with defendant (and thus lacks a monetary claim), it cannot maintain its claim for declaratory relief. *See Bernstein v. United States*, 144 Fed. Cl. 525, 530 (2019).

Accordingly, defendant's motion to dismiss the complaint in intervention (ECF No. 16) is granted. United's complaint is dismissed without prejudice.

s/Eric G. Bruggink  
ERIC G. BRUGGINK  
Senior Judge